UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:19-CR-00186-DCLC-CRW |
| v. | ) | |
| BRETT LOREN GREER, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 53]. The United States of America ("the Government") filed a response in opposition [Doc. 54].

**I.    BACKGROUND**

On July 21, 2020, Defendant pleaded guilty to one count of possession of a firearm while being an unlawful user of a controlled substance [*See* Docs. 24, 26]. Based on a total offense level of 21 and a criminal history category of V, Defendant's advisory guideline range was 70 to 87 months [Doc. 30, ¶ 38]. The Court sentenced Defendant within the guideline range to a term of imprisonment of 70 months [Doc. 40, pg. 2]. Defendant is currently housed at Lee USP with a projected release date of May 5, 2025. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 10, 2024). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 53].

**II.    ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United*

1

*States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence in Sullivan County Criminal Court [Doc. 30, ¶ 37]. If sentenced today, Defendant would receive one status point under U.S.S.G. § 4A1.1, resulting in at total of 9 criminal history points rather than 10. This places Defendant in criminal history category IV, and his guideline range is 57 to 71 months. The Government agrees that, though the Court has the discretion to reduce Defendant's sentence, a reduction is not warranted due to Defendant's poor post-sentence conduct [Doc. 54, pg. 1].

Post-sentence, Defendant has completed 100 hours of educational courses [Doc. 53-2, pg.

1]. Defendant also completed a drug abuse education course [Doc. 53-3, pg. 4]. Defendant has not completed a residential drug treatment program [Doc. 53, pg. 8]. His post-sentence conduct includes the following sanctions:

> April 3, 2024: Assaulting with Serious Injury [Doc. 54-1, pg. 1]
>
> June 21, 2023: Possessing Drugs/Alcohol [*Id.*]
>
> March 22, 2023: Possessing a Dangerous Weapon [*Id.* at pg. 2]
>
> January 4, 2023: Smoking in Unauthorized Area [*Id.*]
>
> May 12, 2021: Possessing Drugs/Alcohol and Possessing a Dangerous Weapon [*Id.* at pgs. 2-3].

Defendant is eligible for immediate release pursuant to 18 U.S.C. § 3582(c)(2); however, the Court finds that a reduction is not warranted because of Defendant's post-sentence conduct. Defendant's conviction involved possessing a firearm while being an unlawful user of a controlled substance [*See* Docs. 24, 26]. And post-sentence, Defendant has twice been sanctioned for possessing a dangerous weapon [*See* Doc. 54-1, pgs. 2-3]. Defendant has a history of criminal behavior involving firearms [Doc. 30, ¶¶ 34, 35]. Additionally, Defendant has been sanctioned for assault, possession of drugs/alcohol, and smoking in an unauthorized area [Doc. 54-1, pgs. 1-3]. Defendant has continued to engage in behavior in violation of BOP's rules and has been in possessed of dangerous weapons. His post-sentence behavior indicates a lack of regard for authority while incarcerated. Accordingly, Defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 53] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge